## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **RAIZ FEDERAL CREDIT UNION,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **EP-24-CV-00440-DCG** |
| | § | |
| **RIZE FEDERAL CREDIT UNION,** | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Raiz Federal Credit Union's "Motion for Expedited Discovery and Briefing Schedule" ("Motion") (ECF No. 14), filed on January 9, 2025. Senior United States District Judge David C. Guaderrama referred the Motion in part to the undersigned Magistrate Judge for determination of Plaintiff's request for jurisdictional discovery pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas. For the reasons set forth below, Plaintiff's request for jurisdictional discovery is **GRANTED**.

## I.     BACKGROUND

Plaintiff Raiz Federal Credit Union filed suit against Defendant Rize Federal Credit Union on December 9, 2024. *See* Compl., ECF No. 1. Plaintiff brought claims for trademark infringement and unfair competition under the Lanham Act, asserting that Defendant infringed on Plaintiff's trademark to confuse consumers. *See id.* ¶¶ 77–88.

Defendant filed a motion to dismiss for lack of personal jurisdiction on January 2, 2025. *See* Def.'s Mot. Dismiss Lack Personal Jurisdiction & Mot. Stay All Other Deadlines [hereinafter Mot. Dismiss], ECF No. 9. Plaintiff subsequently filed a motion for expedited discovery and a briefing schedule. *See* Mot., ECF No. 14. Within this motion, Plaintiff requested an order permitting "jurisdictional discovery for use in connection with responding to Defendant's motion

to dismiss for lack of personal jurisdiction." *Id.* at 1.  The District Court referred solely this part of the motion to the Court to determine.  *See* Order Partially Referring Mot. U.S. Magistrate Judge, ECF No. 21.

## II.     STANDARD

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). A party seeking jurisdictional discovery must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).  This requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).  A plaintiff requesting jurisdictional discovery should describe "what facts [it] expect[s] to discover and how that information would support jurisdiction." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 685 (S.D. Tex. 2014).  Once this showing has been made, "the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us*, 318 F.3d at 456).

"[T]he question of whether to allow discovery is generally within the discretion of the trial judge." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989).  "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact. . . .  When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted).  "However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Am. W. Airlines*, 877 F.2d at 801.

## III.     DISCUSSION

2

In its complaint, Plaintiff states that a federal court in Texas can assert personal jurisdiction over Defendant because Defendant "is a federal credit union doing business in Texas."  Compl. ¶ 3.  Specifically, Plaintiff asserts that Defendant provides financial services, including deposit and withdrawal services and home-buying assistance and mortgage lending services, to customers in Texas.  *Id.* ¶¶ 5–6.  Additionally, Plaintiff asserts that Defendant has targeted Texas residents through a marketing campaign.  *Id.* ¶ 7.  Further, Plaintiff states that Defendant marketed its services at and sponsored the National Association of Latino Credit Unions & Professionals ("NLCUP") conference in September 2024, in San Antonio, Texas.  *Id.* ¶ 8.

There are two types of personal jurisdiction: general and specific.  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017).  Plaintiff here has alleged only specific jurisdiction, which requires that the suit "aris[e] out of or relate[] to the defendant's contacts with the forum."  Mot. 4; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  The test for whether a court can exercise specific jurisdiction over a defendant is:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citation omitted).  The Court's task here is not to decide whether personal jurisdiction exists, but simply whether Plaintiff has stated sufficient factual allegations with reasonable particularity to suggest that Defendant might have the requisite contacts with Texas.  The Court concludes that Plaintiff has met this burden.

Plaintiff makes several specific factual allegations in its motion.  First, it alleges that Defendant provides its Texas members with financial services.  Mot. 6.  It also alleges that

Defendant "uses the infringing mark in connection with sending marketing materials for its financial services to those 505 Texas members." *Id.* If true, these allegations might establish personal jurisdiction over Defendant. *See, e.g.*, *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (holding that the "alleged unlawful use" of the infringing trademark "in connection with soliciting business in the State of Texas" was enough to establish specific personal jurisdiction); *AT&T Mobility LLC v. T-Mobile USA Inc.*, No. 4:22-CV-00760, 2023 WL 186809, at *6 (E.D. Tex. Jan. 13, 2023) ("[W]hen defendants perform additional acts to purposefully avail themselves of the forum state, such as advertising, conducting business transactions with residents of the forum state, and soliciting funds from residents in the forum state, there is sufficient support to find [specific] personal jurisdiction over the defendants." (citation omitted)). Defendant argues that discovery is not warranted because "[i]t is undisputed that Defendant has members in Texas and provides those members its financial services." Def.'s Opp'n Pl.'s Mot. Jurisdictional Disc. 4 [hereinafter Resp.], ECF No. 22. Since both Defendant and Plaintiff agree on this, no discovery is needed. Defendant also argues that information about revenue goes towards damages and not personal jurisdiction. *Id.* at 5. And it is true that Plaintiff did not explain its need for information about Defendant's revenue, especially revenue outside of Texas. Lastly, Defendant argues that it has already provided evidence in the form of declarations from its CEO and Chief Growth Officer that it does not "advertise in Texas markets or target Texas residents," and Plaintiff does not explain why the declaration is insufficient. *Id.* at 5. The Court notes that Defendant's declarations do not address any advertising that may be sent to its members living in Texas, which Plaintiff specifies is what it wants more information about. *See* Mot. 6; Pl.'s Reply Supp. Mot. Jurisdictional & Expedited Disc. 5 [hereinafter Reply], ECF No. 24. Defendant's does appear to advertise to its own members. *See* Compl. ¶ 7 (containing a screenshot

of a marketing campaign aimed at Defendant's members).  The Ninth Circuit has held that "[d]iscovery . . . 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'"  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (citation omitted).  Therefore, the Court concludes that Plaintiff is entitled to discovery about Defendant's advertising to its Texas members.

Plaintiff argues that Defendant "also adopted the infringing mark with knowledge of Raiz with the bad faith intent to exploit the goodwill of Raiz and cause harm to Raiz in Texas."  Mot. 6.  Defendant argues that this goes towards the merits of the case, not personal jurisdiction.  Resp. 5.  But an allegation that a defendant sent infringing material knowingly and expressly to Texas in order to compete with the plaintiff "would support a showing of personal jurisdiction."  *UWorld LLC v. USMLE Galaxy LLC*, No. 3:23-CV-447-K, 2024 WL 1219231, at *5 (N.D. Tex. Mar. 21, 2024).

Plaintiff also argues that Defendant's "infringing mark has a likelihood of confusing those 10 Texas consumers that these services are offered by Raiz or affiliated with Raiz."  Mot. 6.  It states that there is a "diversion of sales" from Plaintiff to Defendant.  *Id.*  Again, Defendant argues that this goes towards the merits of the case, not personal jurisdiction.  Resp. 6.  Establishing minimum contacts with a forum state alone is not enough to create specific personal jurisdiction— the plaintiff must also establish that its claims arose from the minimum contacts.  *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *4 (5th Cir. Mar. 30, 2022).  "The gravamen for any action of trademark infringement or common law unfair competition is whether the challenged mark is likely to cause confusion."  *Id.*  Thus, discovery on whether Defendant's alleged trademark infringement caused confusion to Texas consumers would establish whether

Plaintiff's claims arose from Defendant's contacts with Texas and would help support a showing of personal jurisdiction.

"While any fact by itself may not be enough to establish a preliminary showing of personal jurisdiction, the Court will consider all factual allegations together in making its determination." *UWorld LLC*, 2024 WL 1219231, at *3. Plaintiff has asserted numerous contacts that Defendant has had with the forum state, and it should be allowed to conduct jurisdictional discovery to establish more about these contacts.

In the motion and reply, Plaintiff provided the discovery requests it wants to propound on Defendant.[1] *See* Reply Ex. 1, ECF No. 24-1; Reply Ex. 2, ECF No. 24-1. Defendant objects that the requests are overly broad and not limited to personal jurisdiction and that its communications with its members is "protected and confidential financial information." Resp. 8. It also argues that the deposition topics improperly go towards the merits of the claims and that topics 1 and 4, while addressing personal jurisdiction, are "facially overbroad and vague." *Id.*

Defendant argues that "[p]ersonal jurisdiction discovery must be limited to *only* personal jurisdiction facts that would establish personal jurisdiction" with no citations to support this assertion. *Id.* at 9. "To the extent there is a factual dispute regarding the existence of contacts sufficient to support personal jurisdiction, it is the Court's responsibility to determine whether the disputed contact occurred—'regardless of whether that contact is also an element of liability.'" *Next Technologies, Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 675 (W.D. Tex. 2015) (quoting *Leesboro Corp. v. Hendrickson*, 322 S.W.3d 922, 933 (Tex. App. 2010)). Especially in cases of specific jurisdiction, "jurisdictional discovery may yield information that is relevant to the merits of the case." *Elevacity U.S., LLC v. McLean*, No. 4:22-CV-047-SDJ, 2022 WL

---

[1] The discovery requests in Plaintiff's reply are identical to the discovery requests in its motion. *See* Mot. Ex. 1, ECF No. 14-1; Mot. Ex. 2, ECF No. 14-2.

3107891, at *2 (E.D. Tex. Aug. 3, 2022); *see also Morris Bart, LLC v. Slocumb L. Firm, LLC*, No. 21-1771, 2022 WL 2704463, at *3 (E.D. La. July 12, 2022) ("[J]urisdictional discovery is going to be inextricably intertwined with the merits of the case.").

However, the Court agrees that some of Plaintiff's requests do not address personal jurisdiction.  For example, Plaintiff asks about Defendant's revenue on a state-by-state basis and the reasons why it decided to abandon its trademark application.  Plaintiff never explained why this information would be relevant to establishing personal jurisdiction.  Further, the Court considers a request asking for the personal information of all purchasers of Defendant's services, including their names and addresses, to be unnecessary to determine personal jurisdiction.  The number of Defendant's members in Texas and the number that first became members while living elsewhere are already known.  Therefore, the Court will limit Plaintiff's requests in the following manner:[2]

**A. Requests for Production**

Request for Production No. 1: Defendant will provide a response to this request.

Requests for Production Nos. 2, 3, 4, and 5 will not be permitted.

Request for Production 6: Defendant will provide a response to this request.

Request for Production 7: This request will be limited to any advertising or marketing materials sent to either Plaintiff's or Defendant's members in Texas from the time that Defendant changed its name to Rize.

**B. Examination Matters**

Topic No. 1:  Defendant's testimony on this subject will be limited to the time period since it changed its name to Rize.

---

[2] Courts have the authority, either on their own or after a motion, to limit discovery that is outside the permitted scope.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Topic No. 2: Defendant will provide deposition testimony on this subject.

Topic No. 3 will not be permitted.

Topic No. 4: Defendant's deposition testimony on this subject will be limited to any advertising or marketing communicated to either Plaintiff's or Defendant's members in Texas since Defendant changed its name to Rize.

Topics Nos. 5 and 6: Defendant will provide deposition testimony on these subjects, except questions about revenue will not be allowed.

Topic No. 7: Defendant will provide deposition testimony on this subject.

Topic No. 8: Defendant's deposition testimony on this subject will be limited to Defendant's motion to dismiss.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Raiz Federal Credit Union's request for jurisdictional discovery is **GRANTED**.  Plaintiff's discovery requests, as limited above, are deemed served as of the date of this order.  Defendant has thirty (30) days to respond to Plaintiff's requests for production.  Defendant will make appropriate personnel for a Federal Rule of Civil Procedure 30(b)(6) deposition on Plaintiff's deposition topics, as limited above, no later than thirty (30) days after the date of this order.

Signed this 12th day of February, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**